UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20994-CIV-MORENO/TORRES

YOELVIS LAGO,

    Plaintiff,

v.

AMOA CONSTRUCTION &
DEVELOPMENT CORPORATION
OTTO C. MUNOZ

    Defendants.
_____/

## ORDER ON DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 17]. Plaintiff responded [D.E. 18] and Defendant replied [D.E. 19]. The matter is fully briefed and ripe for adjudication.[1] For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's Complaint is **DENIED**. However, the Court alternatively strikes any reference to the collective action, opt-in component found in ¶5 of the Complaint. Absent the filing of an amended complaint, this action shall proceed as an individual action by the Plaintiff against the Defendants.

---

[1] The parties consented to disposition of all pretrial motions by the undersigned Magistrate Judge [D.E. 12]. Accordingly, this and any other pretrial matter was referred for final disposition by the District Judge on September 2, 2008 [D.E. 15].

## *I. BACKGROUND*

Plaintiff Yoelvis Lago brought suit against the Defendants under the Fair Labor Standards Act ("FLSA"). Compl., ¶ 1. [D.E. 1]. The Plaintiff alleges that from about October 10, 2007 though approximately March 20, 2008, he worked as a handyman for the Defendants' business. *Id.*, ¶ 9. The Plaintiff further alleges that during that time period, he worked an average of 60.0 hours per week and was paid at $10.00 per hour. *Id.*, ¶¶ 10–11. Finally, the Plaintiff alleges that the Defendants willfully and intentionally refused to pay him overtime wages as required by law. *Id.*, ¶ 12. In his Complaint, the Plaintiff asserts that the Complaint is an opt-in complaint brought under 29 U.S.C. 216(b). *Id.*, ¶ 5.

The Defendants move to dismiss the Complaint on the grounds that the Plaintiff failed to file a written consent pursuant to 29 U.S.C. § 216(b), as clarified by 29 U.S.C. § 256. Defs. Mot. to Dismiss [D.E. 17] at 1–2. The Defendants argue that any named plaintiff in a collective action brought under 29 U.S.C. § 216(b), along with any opt-in plaintiffs in the action, must file a written consent in order for the action to commence. *Id.*, at 2. In his response, the Plaintiff counters that the written consent requirement is triggered only when others join the lawsuit. Pl. Resp. [D.E.18] at 2.

After review of the plain text of the statute and relevant case law, the Court agrees with the Defendants' interpretation of the written consent requirement in a collective action suit brought pursuant to 29 U.S.C. § 216(b). The Court disagrees, however, as to the remedy requested in this case.

## II.  ANALYSIS

"The Eleventh Circuit has not squarely addressed the issue of whether named plaintiffs in a FLSA opt-in action must submit written consent forms." *Macias v. IK Retail, Inc.*, No. 06-20234-CIV-MARTINEZ-BANDSTRA, 2007 WL 61914, at *2 (S.D. Fla. Jan. 5, 2007).  However, the Defendants are correct in pointing out that this Court has addressed this issue with Plaintiff's counsel in the past [D.E. 19 at 3 (Defs. Reply)]. *See Lira v. Arrow Air, Inc.*, Case No 05-2373-LENARD [D.E. 23] (S.D. Fla. April 17, 2006).  In *Lira*, Judge Lenard provided "that both named and opt-in plaintiffs must file a document indicating their consent to participate in a collective action under the FLSA." *Id.* at 3.  This complaint filed in this District is clearly inconsistent with Judge Lenard's ruling.

The FLSA provides, in pertinent part, that

> [a]n action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party

29 U.S.C. § 216(b). While this section of the FLSA does not expressly state that both named and opt-in plaintiffs must file written consents, section 256 of the Act clarifies the intent of Congress on this issue.  That section provides, in part, that an action brought under the FLSA:

> shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced . . . on the date when the complaint is filed, if [the plaintiff] is specifically named as a party plaintiff in the complaint and

> his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or if such written consent was not so filed or if his name did not so appear[,] on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

Based on this unambiguous provision of the statute, the Court agrees with Judge Lenard's conclusion that, in order for a collective, opt-in action brought under the FLSA to commence, each of the plaintiffs (named or opt-in) must file a written consent.

Yet, this conclusion alone does not dictate whether the Court should grant or deny the Defendants' motion to dismiss. Although there is a procedural deficiency where the written consent was not filed, it does not necessarily follow that the Defendants' motion must be granted. *See Macias*, 2007 WL 61914, at *2. There is nothing in section 216(b) or section 256 that requires the Court to dismiss a complaint where a written consent has not been filed. *See* 29 U.S.C. §§ 216(b) & 256. To the contrary, section 256 expressly allows for a collective action to commence after the complaint has been filed, upon the filing of the written consent. *See* 29 U.S.C. § 256(b).

Here, we have a sole plaintiff who has the right to bring an individual action against the Defendants. *See* 29 U.S.C. §§ 216(b) & 256. As the text of section 256 provides, where an action brought pursuant to the FLSA is not a collective or class action, the action commences on the date the complaint is filed; there is no written consent requirement. *See* 29 U.S.C. § 256. Although the Plaintiff specifically invoked section 216(b) and designated the complaint as an opt-in complaint, thus purportedly

seeking a collective action, the Court does not find it necessary to dismiss the complaint if the Plaintiff wishes to proceed as an individual action. Compl., ¶ 5. However, if the Plaintiff wishes to proceed as a collective action, a written consent must be filed for the named plaintiff. And pursuant to the statute, in such case the commencement of the collective action, for limitations purposes, shall be on the "subsequent date on which such written consent is filed in the court in which the action was commenced." 28 U.S.C. § 256.

As previously mentioned, the Eleventh Circuit has not squarely addressed this precise issue; however, the decision the Court reaches today comports with decisions reached in this District, as well as case law from courts outside of this circuit. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1132 (D. Nev. 1999) (providing that "[w]hen plaintiffs have filed a 'collective action,' under § 215(b), all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought," and holding that a collective action commences at the time of filing a complaint and written consent, even where there are no opt-in plaintiffs); *see also Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) (holding that an action brought by 22 individually named plaintiffs who had not sought to represent others was not a collective action and, as such, no written consent requirement applied).

### *III. CONCLUSION*

Based on the unambiguous language of 29 U.S.C. §§ 216(b) & 256, it is clear that there is not a written consent requirement for an individual action brought pursuant

to the FLSA. It is also clear that a written consent was required of the named plaintiff, as well as any other opt-in plaintiffs, if Plaintiff intended to pursue a collective action. Accordingly, the Court strikes all references in the pending complaint to opt-in status brought pursuant to 29 U.S.C. § 216(b) and the Complaint may proceed as an individual action. If the Plaintiff truly intended for this to be a collective, opt-in action brought pursuant 29 U.S.C. § 216(b), he may file an amended complaint and contemporaneously file the required written consent to commence the action. If Plaintiff intends to pursue that route, an amended complaint must be filed within 10 days from the date of this Order.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 10th day of October, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge